UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | * CRIMINAL DOCKET |
| | * |
| | * NO. 24-CR-66 |
| VERSUS | * |
| | * SECTION: "H" |
| JENARD WALTON | * |
| | * |
| | * |
| ************************************* | * |

Order & Reasons

Defendant, Jenard Walton, ("Walton") has filed a Motion to Reconsider Pretrial Detention pursuant to 18 U.S.C. § 3142. (Rec. Doc. 100). In support of this Motion, Walton argues that substantial changes in his circumstances have developed since his initial detention hearing on March 27, 2024, and since the filing of his prior motion to reconsider pretrial detention. (Rec. Doc. 100, p. 6). Having reviewed the Motion and the applicable law, the Court rules as follows.

Background

A detailed account of the factual and procedural background of this matter can be found in the Order and Reasons denying Walton's prior motion to reconsider pretrial detention. (Rec. Doc. 75). In short, Walton, a five-time felon, was arrested and detained following a murder investigation and now, for the second time, has filed a Motion to Reconsider Pretrial Detention.

Evidence revealed during an investigation by federal agents and the FBI strongly suggests that Walton was a participant in a plot to murder a cooperating federal defendant. Based on that evidence, agents executed a warrant authorizing the search of, among other places, Walton's primary residence. During their search of Walton's primary residence, agents discovered a Springfield nine-millimeter gun, a box containing approximately one and a half pounds of

1

marijuana, a Smith and Weston .40 caliber pistol, thirty-seven thousand dollars in cash, and the federal discovery packet of the murder victim, who was a cooperating federal defendant. On March 22, 2024, federal agents charged Walton with possession with intent to distribute marijuana, possession of a firearm in furtherance of drug trafficking, and being a felon in possession of firearms. (Rec. Doc. 75, p. 1-2).

In 2022, two years before he was charged in this matter, Walton suffered a gunshot wound to his pelvis, requiring extensive medical procedures. This injury resulted in the eventual removal of his bladder and insertion of an Indiana Pouch to collect urine. The Indiana Pouch requires emptying multiple times a day. (Rec. Doc. 75, p. 2-3).

Prior to this Motion, Walton filed his first motion to reconsider pretrial detention, arguing that the medical condition resulting from his gunshot wound was worsening and that there have been substantial changes in his circumstances since his detention hearing on March 27, 2024. Further, he claimed that he had not received proper medical attention for his condition in jail, that nurses provide him with a "spray" to self-clean his Indiana Pouch, and that he experiences painful groin spasms that occasionally result in him defecating on himself. He argued that his medical condition was evidence that he will not reoffend or pose a danger to the community, that he will appear for all required court settings, and comply with all conditions of his release. The government opposed that motion on multiple bases. (Rec. Doc. 75, p. 3).

Ultimately, the Court denied Walton's first motion to reconsider pretrial detention, primarily because Walton's worsening condition, although unfortunate, did not present new information that materially alters his circumstances, as required by 18 U.S.C. § 3142(f)(2). (Rec. Doc. 75, p. 5-6). To rectify his circumstances, the Court held a status conference on August 7,

2

2024, and thereafter ordered proper cleaning of, and appropriate bags for the Indiana Pouch be provided, along with visits to his specialist as medically necessary. (Rec. Doc. 76).

What followed was the instant Motion to Reconsider Pretrial Detention on November 19, 2024. Here, Walton argues that there has been a substantial change in his circumstances that did not exist at the time of his detention hearing on March 27, 2024, and at the time of the filing of his prior motion to reconsider pretrial detention. The substantial change, Walton alleges, is his worsening condition. Unlike before, Walton is now experiencing painful spasms in his penis. Further, Walton argues that this new information has a material bearing on the detention analysis, *i.e.*, that his condition will deter him from reoffending. (Rec. Doc. 100).

The government opposes the instant Motion to Reconsider Pretrial Detention, arguing that this Motion is almost identical to Walton's previous motion that the undersigned denied. The only difference, the government alleges, is that Walton's condition has deteriorated and that he is now experiencing painful spasms in his penis. The government argues that these changes are not "new" in the sense that the word is used in 18 U.S.C. § 3142(f)(2), nor "material" to the detention analysis. Finally, the government points to Walton's five prior felony convictions, the clear and convincing evidence that he played a role in a plot to murder a federal witness, and that the crimes he is currently charged with occurred while he was suffering from the same medical condition. (Rec. Doc. 103).

Walton submitted a Reply to the government's Opposition wherein he bolsters his prior arguments, points out that he is not getting proper specialized care in jail, and states that if released, he would comply with this Court's requirements. (Rec. Doc. 104).

3

Law and Analysis

*1. Legal Standard*

When a criminal defendant appears before a judicial officer, the presumptive action is for "pretrial release" subject to certain conditions. However, the judicial officer must order the defendant detained until trial if she determines "that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person in the community." 18 U.S.C. § 3142(b). In determining whether there are conditions for release that reasonably assure the appearance of the defendant and the safety of the community, the judicial officer considers the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person (including character, physical and mental condition, family ties, employment, financial resources, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and whether the person was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for a Federal, State, or local offense), and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Once the presiding judge has determined that detention is required, a hearing:

> . . . may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2). The defendant must be seeking to present "new" information. *See* United States v. Stanford, 367 F.App'x 507, 509-10 (5th Cir. 2010); United States v. Barton, No. CR 19-00161, 2020 WL 1974252, at *3 (E.D. La. Apr. 24, 2020) (van Meerveld, M.J.); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989) (denying a motion to reconsider for failure to

4

present "new evidence."). Courts interpreting "new and material information" under § 3142(f) require "truly changed circumstances, something unexpected, or a significant event," and courts have interpreted the requirements of this provision strictly. United States v. Adams, No. CR 24-121, 2024 WL 4227313, at *3 (E.D. La. Sept. 18, 2024). As to whether evidence has "material bearing," the new evidence "must relate in some significant or essential way to the decision whether to detain." United States v. Shelton, No. 4:24-CR-00027-SDJ-BD, 2024 WL 4821462, at *2 (E.D. Tex. Nov. 18, 2024).

*2. Walton has not presented new information that materially alters his circumstances.*

Walton has not presented new information, and thus pretrial release is not warranted under 18 U.S.C. § 3142(f). The information Walton presents in the instant Motion is largely the same as that presented in the prior motion to reconsider pretrial detention. The only difference in information is that now, Walton's condition has worsened, and he experiences painful spasms in his penis. Although lamentable, this information cannot be considered "truly changed circumstances, something unexpected, or a significant event," especially in light of the courts' tendency to construe this requirement strictly.

As noted in the Order and Reasons denying Walton's prior motion to reconsider pretrial detention, this Court has been aware of Walton's medical conditions since his initial detention hearing. His conditions arose from an event – suffering a gunshot would to his pelvis – that occurred approximately two years prior to his initial appearance. Worsening of the same condition, already known to the Court and occurring before his crimes, and additional pain and spasms, does not rise to the level of truly changed circumstances. As in his prior motion, Walton again does not cite any case law stating a worsening condition constitutes new information.

This Court need not reach the issue of whether the information Walton has presented has a material bearing on whether there are conditions of release that will reasonably assure the appearance of Walton as required and the safety of any other person and the community. However, it is notable that Walton suffered from the same condition that he presently suffers from at the time of the events for which he is charged. Nothing suggests that worsening of that same condition would prevent him from engaging in similar behavior to that which he was charged for if he were released.

Nevertheless, the Court recognizes the need to address the alleged insufficiencies of Walton's medical treatment. The undersigned previously ordered proper cleaning of, and that the appropriate bags be provided for, the Indiana Pouch, along with visits to his specialist as medically necessary. Walton alleges that he has only seen a doctor once since being incarcerated, that he has medical check-ins with nurses, but that they do not provide the specialized medical care needed, and that he is provided with a "spray" to self-clean his Indiana Pouch. To the extent that the care Walton has received in jail is not medically appropriate for his particular condition, his medical care needs to be adjusted accordingly.

## Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Walton's Motion to Reconsider Pretrial Detention Pursuant to 18 U.S.C. § 3142 (rec. doc. 100) is **DENIED**.

**IT IS FURTHER ORDERED** that Walton be given appropriate specialized medical care for his worsening condition, including, but not limited to, administering proper cleaning procedures for his Indiana Pouch.

New Orleans, Louisiana, this 13th day of December, 2024.

                                                      Janis van Meerveld
                                          United States Magistrate Judge